UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00369-RJC

| | |
|---|---|
| USA, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEVE KENNETH ROSENE | )     <u>ORDER</u> |
| MARCUS ALAN AVRITT | ) |
| BRIAN MATTHEW RICH | ) |
| JARROD BEDDINGFIELD | ) |

**THIS MATTER** is before the Court for determination of restitution which was deferred at the time of each defendant's sentencing. Upon consideration of the supplemental briefing by the parties and the entire record of this case, the Court will order restitution as detailed below.

Under the Mandatory Victim Restitution Act (MVRA), a victim is a person directly and proximately harmed as a result of the commission of a qualifying offense and a defendant must pay the value of the property loss. 18 U.S.C. § 3663A(a)(2) and (b)(1). Consequential damages are not ordinarily recoverable. <u>United States v. Abdelbary</u>, 746 F.3d 570, 578 (4th Cir. 2014). However, the Court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. 18 U.S.C. § 3663(a)(3). Here, each defendant agreed to pay full restitution to all victims directly or indirectly harmed by his relevant conduct as part of his plea agreement. (Doc. Nos. 43 at 3 (Beddingfield), 47 at 3 (Rosene), 54 at 3 (Avritt), 60 at 3 (Rich)).

The government requests restitution on behalf of LendingTree, LLC for the approximate value of 50,000 mortgage customer leads stolen in this conspiracy from the company's computer system and the cost of remedial measures the company took to inform and protect consumers affected by the data breach. (Doc. Nos. 104-107: Memoranda at 3-4). The government initially

1

valued the leads at $5,184,000, but has since reduced the amount to $1,972,123, (Doc. Nos. 121, 125: Amended Memoranda at 1-2), taking into account the impact of the loan-closing rate of the defendants' enterprises on the fees LendingTree would have received on the stolen leads. The Court finds this methodology, which was also used to compute loss under the United States Sentencing Guidelines, to be an accurate measure of the value of the information stolen by the defendants and supported by the preponderance of the evidence. 18 U.S.C. § 3664(e).

The Court finds that LendingTree's measures to remedy the data breach are included in the loss directly and proximately caused by the defendants. See also 18 U.S.C. § 3663(B)(i)(I) (court to consider the loss sustained as a result of the offense). The company would not have incurred such expenses but for the defendants' theft of confidential consumer information. Even if the remedial expenses would not qualify has direct losses, each defendant agreed to pay restitution for indirect losses in his plea agreement. Therefore, the $1,272,012 spent by LendingTree to inform and protect consumers from further fraudulent use of the information is properly included to bring the restitution figure to $3,244,135.

Defendant Beddingfield filed the only objection to the restitution amount. (Doc. No. 122). Beddingfield's first objection, that LendingTree inflated its losses, has been addressed above with the reduction of the value of the leads commensurate with the rate of loans closed with stolen information. Beddingfield's second objection, that his restitution liability should be apportioned according to his "modest" role, (Id. at 5-7), is not supported by the evidence. As a LendingTree employee, Beddingfield admittedly provided co-conspirator Steve Rosene administrator level access to LendingTree's computer network. (Doc. No. 73: Presentence Report at 22). Rosene could not have stolen mortgage customer leads and exploited them along with other co-conspirators without Beddingfield's participation. The use of the stolen

information to his employer's detriment was reasonably foreseeable to Beddingfield. Although the Court has discretion to apportion liability among co-defendants, 18 U.S.C. § 3664(h), the Court finds in the circumstances of this case that Beddingfield is equally responsible for restitution for the losses that LendingTree would not have sustained but for his willing and compensated involvement.

**IT IS, THEREFORE, ORDERED** that, pursuant to 18 U.S.C. § 3664(d)(5), and the MVRA, the Judgment of each defendant in this case, (Doc. Nos. 86 (Avritt), 88 (Rich), 117 (Beddingfield), 119 (Rosene)) shall be amended to require restitution directed to the United States District Court Clerk to be paid to LendingTree, LLC in the amount of $3,244,135. Each defendant is jointly and severally liable with his co-defendants. The victim's recovery is limited to the amount of its loss as determined in this Order and each defendant's liability for restitution ceases if and when the victim receives full restitution. All other terms of the original Judgments remain unchanged.

The Clerk is directed to certify copies of this order to the defendants, counsel for the defendants, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: January 20, 2016

Robert J. Conrad, Jr.
United States District Judge